UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JEREMY DONTAE PARRISH** | * | **CIVIL ACTION NO. 15-0581** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for attorney's fees [doc. # 18] filed by plaintiff Jeremy Parrish pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412. The Commissioner did not file a response; therefore the motion is deemed unopposed. *See* Notice of Motion Setting [doc. # 20]. As detailed below, it is recommended that the motion be GRANTED, as modified, and that the Commissioner be ordered to pay attorney's fees in the amount of $3,447.50 (19.70 hours at $175.00 per hour) plus $400.00 in costs.

<u>Analysis</u>

**I.     EAJA**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA.

*Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[1] The Commissioner does not contest that plaintiff is entitled to recover fees, and therefore does not contest that plaintiff is the prevailing party.

## II. Hourly Rate

The EAJA provides in relevant part that the amount of fees awarded:

shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . **attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee**.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). When a given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id*.

In *Montgomery v. Colvin*, this court recently weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $175 for attorney work performed in 2014 and beyond. *See Montgomery v. Colvin*, Civ. Action No. 14-3120 (W. D. La. Aug. 16, 2016) (Superseding Report and Recommendation [doc. # 30]). Here, although plaintiff requested an

---

[1] On June 21, 2016, the District Court entered judgment reversing and remanding this case to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Judgment [doc. # 15]).

hourly fee of $150, it is manifest that he did so pursuant to *Williams v. Astrue*,[2] which, until last week, established this court's maximum hourly rate for EAJA petitions. In accordance with the findings and analysis set forth in *Montgomery v. Colvin*, the court will award fees in this case at an hourly rate of $175.

### III.   Hours Reasonably Expended

As the fee applicant, plaintiff bears the burden of demonstrating the reasonableness of the number of hours expended on the claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (quoting *Hensley, supra*). Furthermore, the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*.

Plaintiff's attorneys assert that they expended a total of 19.70 hours on this case. The undersigned has reviewed the itemization of hours submitted by plaintiff's counsel, and has determined that they are reasonable in the amount of time spent on the services performed.

### IV.   Costs

Taxation of costs under 28 U.S.C. § 1920 is authorized under EAJA, 28 U.S.C. § 2412(a). Costs include the filing fee. 28 U.S.C. § 1920(a)(1). Here, plaintiff seeks to recover $400.00 for the cost of the filing fee. The court finds that the requested cost is reasonable and necessary.

### V.   Check Payable to Plaintiff

Plaintiff's counsel contends that payment of fees should be made directly to counsel –

---

[2] *Williams v. Astrue*, 2009 WL 703288 (W. D. La. Feb. 26, 2009) (Report and Recommendation); 2009 WL 703285 (W.D. La. Mar. 17, 2009) (Order denying reconsideration); 2009 WL 824527 (W.D. La. Mar. 23, 2009) (Judgment)

provided plaintiff does not owe a federal debt.  However, the court has considered and rejected this argument previously.  *See McLeland v. Astrue*, Civ. Action No. 09-0219 (W.D. La. 2010) [doc. #s 44-5] (James, J.).  The same result is compelled here.

VI.     **Extension of Time to File § 406(b) Motion**

Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

A § 406(b) motion must be filed within 14 days after entry of judgment.  *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir.2006).  Paradoxically, however, counsel cannot file a § 406(b) fee motion until after a favorable award by the Commissioner, following remand.  Consequently, plaintiff's counsel seeks an extension of time until 30 days from receipt of any Notice of Award within which to file a fee application under § 406(b) for work performed before this court.  The request is reasonable, and should be granted.

## Conclusion

IT IS RECOMMENDED that the Petition for Attorney Fees [doc. # 18] be GRANTED, as modified, and that the Commissioner be ordered to remit to plaintiff's counsel a check made payable to plaintiff Jeremy Parrish for attorney fees in the amount of $3,447.50 (19.70 hours at $175.00 per hour), plus costs of $400.

IT IS FURTHER RECOMMENDED that plaintiff's counsel be granted an extension of

time until 30 days from receipt of a Notice of Award within which to file a § 406(b) fee application.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 25th day of August 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE