UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **JEREMY PARRISH** | * | **CIVIL ACTION NO. 15-0581** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **NANCY A. BERRYHILL, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is plaintiff's petition for attorney's fees pursuant to 42 U.S.C. § 406(b) [doc. # 23]. The Commissioner filed a response stating that she did not intend to take a position on plaintiff's motion, but provided information to assist the court in its determination. (Gov.'t Response [doc. # 25]).[1] As detailed below, it is recommended that the motion be GRANTED, as modified.

### Background and Timeline

On March 12, 2015, Jeremy Parrish, represented by attorney David B. Wilson, filed the instant complaint for review of the Commissioner's denial of social security disability benefits. On June 21, 2016, the court entered judgment reversing and remanding the matter to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (June 21, 2016, Judgment [doc. # 15]). On July 6, 2016, Jesse Lind of the Binder & Binder law firm was substituted as counsel on plaintiff's behalf. [doc. #s 16-17]. On July 21, 2016, plaintiff

---

[1] Although the Commissioner has no direct financial interest in the § 406(b) award, she acts as a trustee on behalf of the claimant. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n 6, 122 S.Ct. 1817 (2002).

filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA Fee Petition"), which culminated in a November 4, 2016, judgment awarding plaintiff EAJA fees in the amount of $3,447.50, plus $400 in costs. (Nov. 4, 2016, Judgment [doc. # 22]). Furthermore, in the event that plaintiff prevailed at the administrative level upon remand, the court granted counsel an extension of time until 30 days from receipt of the Notice of Award within which to file a fee application under § 406(b). *Id.*

Following remand, an ALJ issued a written decision on December 19, 2017, that found plaintiff disabled as of July 25, 2011, within the meaning of the Social Security Act. On March 20, 2018, the Commissioner issued a Notice of Award, which stated, in pertinent part, that

> [w]hen a lawyer wants to charge for helping with a Social Security claim, we must first approve the fee. We usually withhold 25 percent of past-due benefits in order to pay the approved lawyer's fee. We withheld $9,123.00 from your benefits in case we need to pay the lawyer.

(Notice of Award; M/Fees, Exh. C).

The Notice further specified that the claimant's past due benefits equaled $26,492.00. *Id.* In her response to the instant petition, however, the Commissioner clarified that this was a typographical error, and that the claimant's past due benefits totaled $36,492.00. (Gov.'t Response, pg. 4 n.2).

On April 20, 2018, plaintiff's counsel[2] filed the instant motion for an attorney fee pursuant to 42 U.S.C. § 406(b) (sometimes referred to herein as "406(b) Fee Motion"). Counsel intimated that, following remand, the Commissioner awarded plaintiff past due benefits, and

---

[2] Plaintiff's attorney is the real party in interest for purposes of the instant motion. *Gisbrecht*, 535 U.S. at 798, n6.

thus, counsel now seeks to recover the $9,123.00[3] that is being held by the SSA "to pay the approved lawyer's fee." Counsel seeks this sum as compensation for work expended on the client's behalf in federal court.

In further support of the § 406(b) petition, counsel submitted a Retainer Agreement and Assignment ("Contract") executed by plaintiff on February 18, 2015. (Contract; M/406(b) Fees, Exh. A). The Contract provides, *inter alia*, that,

> [i]f the case is remanded by the United States District Court to the Social Security Administration for review of additional testimony, and I am awarded past due benefits by the Appeals Council or an Administrative Law Judge after an additional hearing, the [LAW OFFICES - HARRY J. BINDER AND CHARLES E. BINDER, P.C.] may apply for fees to [the] U.S. District Court under § 406. These fees will not exceed 25% of the back due benefits due me and my family. Fees will be approved by the U.S. District Court pursuant to §406(b) of the Social Security Act.

*Id*.

Plaintiff's counsel also submitted an Itemization of Hours, which showed that three attorneys at Binder & Binder expended a total of 19.70 hours to successfully prosecute plaintiff's social security appeal before this court. (Itemization of Hours; M/406(b) Fees, Exh. B).

## Law

Section 406(b) provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee

---

[3] Plaintiff's counsel asserted that the Commissioner withheld $9,123.50 to pay legal fees. However, the notice of award and the Commissioner's brief indicate that the agency withheld $9,123.00. The court will use the smaller figure.

>for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C.§ 406(b).

In *Gisbrecht v. Barnhart*, the Supreme Court recognized that contingent-fee agreements remain the primary source for determining the fee that a claimant owes his attorney for representation in federal court. *Gisbrecht*, 535 U.S. at 807, 122 S.Ct. at 1828. Pursuant to § 406(b), however, courts also must review fee agreements to ensure that they yield "reasonable results in particular cases." *Id*. For fees within the 25 percent boundary, the burden remains with the attorney for the successful claimant to show that "the fee sought is reasonable for the services rendered." *Id*. Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case. *Gisbrecht*, 535 U.S. at 808, 122 S.Ct. at 1828. In its assessment of the reasonableness of the fee prescribed by the fee agreement, the court may require the attorney to submit a record of the number of hours that he expended on the case and his normal hourly billing charge in noncontingent fee cases. *Id*.

In *Jeter v. Astrue*, the Fifth Circuit examined *Gisbrecht* and discerned therefrom that lower courts are not precluded from considering the lodestar (the number of hours reasonably expended by the attorney in the case multiplied by his reasonable hourly fee) in their 406(b) fee determinations. *Jeter v. Astrue*, 622 F.3d 371(5th Cir. 2010). The court explained that

>where lower courts look to the lodestar method to evaluate the ratio of fee earned to number of hours expended, they cannot find that a particular fee award would result in a windfall unless the court can articulate additional, specific factors to demonstrate that the resulting high fee was unearned by the attorney - and thus not attributable to the attorney's representation of the client before the court.

*Id*.

Although the Fifth Circuit declined to prescribe an exhaustive list of factors that lower courts should consider to determine whether a particular fee is unearned, the court did cite some factors considered by other courts, including, risk of loss in the representation, attorney experience, percentage of the past-due benefits the fee constitutes, value of the case to the claimant, degree of difficulty, and whether the client consents to the fee. *Id*.

### Analysis

### I. Timeliness

A motion for attorney's fees under § 406(b) is governed by Federal Rule of Civil Procedure 54(d)(2) which provides that the motion for fees must be filed no later than 14 days after entry of judgment "unless otherwise provided by statute or order of the court." *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); Fed.R.Civ.P. 54(d)(2). Paradoxically, however, a § 406(b) fee motion is not available until after a favorable award is issued by the Commissioner, which, as in this case, may not occur until months or even years following remand. Recognizing this dilemma, plaintiff's counsel obtained an extension of time to file the instant motion until 30 days from *receipt* of the notice of award.

Here, the notice of award was dated March 20, 2018, and the instant motion was filed 31 days later on April 20. Thus, the motion arguably was filed within 30 days of receipt of the notice, and therefore is timely.

### II. Reasonableness

Plaintiff's counsel obtained a favorable outcome in this case, with no indication of undue delay on their part. Counsel expended 19.70 hours prosecuting this matter in federal court. Thus, if plaintiff's counsel were to receive the $9,123.00 withheld by the Commissioner and as

provided under the Contract, then they will have been compensated at an hourly rate of $463.10 ($9,123.00/19.70 hrs). Counsel did not set forth their ordinary billing rates, so the court will assume the $175/hr. rate that it employs in EAJA fee petitions. Therefore, counsel's requested fee award will result in an hourly rate 2.65 times greater than counsel's ordinary billing rate. This multiplier is within the range of awards upheld by this and other courts. *See Randolph v. Astrue*, Civil Action No. 05-1692 (W. D. La. 6/27/2007) (fee award reduced to five times normal billing rate); *Ellick v. Barnhart*, 445 F. Supp. 2d 1166 (C.D. Cal. 2006) (and cases cited therein); *Jeter v. Astrue*, Civil Action No. 06-0081 (W. D. La.) (award reduced to 2.5 times counsel's ordinary billing rate).

The court observes, however, that § 406(b) fees may be awarded only for work performed in federal court. Moreover, a representative may recover fees for his work before the agency. 42 U.S.C. § 406(a). However, the aggregate fees under § 406(a) and § 406(b) may not exceed 25%. *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir.1970).[4] According to the notice of award, the Commissioner has yet to make an award for work performed at the agency level. Thus, the court will modify the award to clarify that the § 406(b) fee award (which already is calculated at the maximum 25% of past due benefits), must be reduced by the amount of any sum awarded under § 406(a). *See Smith v. Astrue*, No. 10-199, 2013 WL 5818888, at *1 (W.D. La. Oct. 29, 2013).

Finally, when, as sought here, the district court awards attorney's fees under both the Equal Access to Justice Act and § 406(b), the claimant's attorney is required to refund to the claimant the smaller of the two fees in order to avoid criminal sanctions. *Rice v. Astrue*, 609

---

[4] Albeit, this issue apparently is pending before the Supreme Court. *See Culbertson v. Berryhill*, No. 17-773, 2018 WL 2292460 (U.S. May 21, 2018).

F.3d 831, 836 (5th Cir.2010); *Gisbrecht, supra*.

### Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b) [doc. # 23], be GRANTED, as modified, and that plaintiff's counsel, the LAW OFFICES OF CHARLES E. BINDER AND HARRY J. BINDER, L.L.P., be awarded $9,123.00, reduced by any § 406(a) award made by the Commissioner, and subject to counsel's obligation to refund to the client the previously awarded EAJA fee in the amount of $3,447.50.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 30th day of May 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE